Moncure, P.,
delivered the opinion of the court.
This is an appeal from two decrees of the circuit court of the county of Brunswick, made, one of them on the 17th day of June, 1874, and the other on the 12th day of November, 1874, in a suit depending in said court, in which R. JD. Turnbull, administrator with the will annexed of Asa Avery, deceased, was. plaintiff', and Josiah Beckwith, and Nancy E., his wife, and others were defendants.
The bill was filed in the said court on the 20th day of April, 1849, by the said plaintiff, who therein stated in substance, among other things, that he had recently qualified as administrator with the will annexed of said Asa Avery, which will was duly recorded in the county court of said county; that said testator left an estate consisting of lands, slaves, money and other property; that he also left a will, by which he gave his estate to Nancy E. and Mary J. Hawthorne during their lives, “ then to the children lawfully begotton of their body; if one should have children and not the other, then my will is that the whole shall go to her children, and in case that neither do, then it is my will that it shall'go to their brother’s and sister’s children.” A copy of the will was marked A and exhibited with the will. The plaintiff:' further stated that he had sold the perishable estate on a credit of twelve' months, and delivered to the tenants for life, Nancy E. and Mary J. Hawthorne, the lands and slaves; *535 that the tenants for life were also clesirious of receiving the money belonging to the estate, which plaintiff had not paid to them because he thought it ought not be paid to them unless they would first give bond and security for its payment at their death ; that he had collected some of the money and paid, he believed, nearly all the debts; and that the object of the suit was to get instruction from the said court as to his duties under the will, and for the purpose of settling his account and closing the estate as soon as possible, lie therefore prayed that said Haney E. and Mary J. Hawthorne might be made defendants to the bill; that all orders and decrees might be made in the suit which might seem to be just and equitable, and that the plaintiff might have general relief.
On the same day the defendants filed their answer, admitting the facts stated in the bill to be true, and saying that they wished to receive the money without giving security, and desired to receive all their rights under the will of the said testator.
And on the same day the cause was docketed by consent of parties, and by like consent came on to be heard on the bill, answer and exhibit, and was argued by counsel; when the court on consideration thereof decreed “that R. D. Turnbull, administrator with the will annexed of Asa Avery, deceased, do pay to Haney E. Hawthorne and Mary J. Hawthorne, the tenants for life, the interest which has accrued on all the money due to said estate since the death of the testator, in absolute propei’ty, and that the said administrator do pay the balance of said money, after the payment of debts, to the said Haney E. and Mary J. Hawthorne upon their executing bonds with ample security, to be approved by the administrator, payable to the said administrator, for the return of the principal at their deaths; but if from any cause they should fail to exe *536 cute said bonds, then the said administrator is directed to lay out said money in six per cent. Virginia state the dividends to be received by the said Haney E. and Mary J. Hawthorne for life.”
And the court further directed the said administrator to settle his account as such and with the legatees of his said testator before a commissioner of the court, who was to make report.
In June, 1849, the said administrator reported to the said court that agreeably to the said decree he had paid to Haney E. Hawthorne the sum of $1,750, and had taken her bond with ample security to return the principal at her death, and had paid a like sum to Mary Jane Hawthorne and taken a like bond from her, which bonds were returned to court with his report.
The bond to Haney E. Hawthorne, referred to in said report, is inserted in the copy of the record in this case. In the condition it is stated that the said administrator “ has paid to Haney E. Hawthorne the sum of $1,750, in which she has a life estate. How, if the above-named obligors shall pay the said sum of money at the death of the said Haney, or at any time when ordered so to do by the said court, then the aforesaid obligation to be void, or else to remain in full force.” The said bond purports to have been duly executed by the said principal obligor and seven sureties.
On the 27th day of September, 1849, a decree was made in the case confirming a settlement which had been made by the said administrator of his account with his testator’s estate and legatees, and directing a further settlement thereof.
On the 27th day of September, 1850, an order was made in the cause, reciting that since the last decree made therein Haney E. Hawthorne had intermarried with Josiah fleck with, and by consent of parties ordering, *537 that thereafter the suit should be continued and carried ■on in their name.
About the same time, to-\vit: in September, 1850, the said administrator reported to the said court that since his last report he had paid to Mary J. Ilawthorne the sum of $879.40, and had taken her bond with ample security to return the principal at her death, and had paid a like sum to Josiah Beckwith and Haney E., his wife, (the said Haney E. Hawthorne having married the said Beckwith as aforesaid,) and taken a like bond, which bonds were returned with said report.
The said bond of said Beckwith and wife, which appears to have been also executed by four sureties, is copied in the record in this case. It recites the payment of the said sum of $379.40 to the said Beckwith and wife, and is on condition that “if the said obligors shall pay the said sum of money at the death of the said Haney E., or at any time when ordered so to do by said court, then this obligation to be void, or else to remain in full force.”
On the 21st day of September, 1853, it appearing that the defendant, Mary J. Hawthorne, was dead, her death was suggested.
On the 20th day of March, 1854, by consent of parties, the said suit was revived in the name of Wm. S. Andrews, executor of Mary J. Hawthorne, whom she had married previous to her death, and the cause came on again to be heard, when the court being satisfied by the admission of the parties that said Mary J. Hawthorne departed this life on the 31st July, 1853, and being also of •opinion that Haney E. Beckwith, under the will of Asa Avery, is entitled to a life estate in the land, slaves and money held by the said Mary J. during her life, and it being admitted that the slaves held for life by said Mary J. were hired out for the year 1853, and the lands rented for that year, the court decreed that the said land and *538 slaves be delivered to said Josiah Beckwith and wife, to be held hy them during the life of the said Nancy E., that the net proceeds of the hires of said slaves for that year be apportioned between the executor of the said Mary J. and the said Beckwith according to their respective rights. ^ ® 4
And the court further decreed that the said Turnbull, who was thereby appointed a commissioner lor the purpose, should collect the bonds filed in the cause by Mary J. Hawthorne and her securities for the return, at her death, of the money received by her, and pay over the principal thereof, after deducting a commission of two per cent for his services, to Josiah Beckwith and Nancy E. his wife, upon their executing a bond with ample security, payable to the said commissioner, conditioned to refund the principal without interest at the death of the said Nancy E.; but if, from any cause, the said Beck-with and wife should fail to execute said bond, thén the said commissioner was directed to invest said money in six per cent. Virginia state stock, the dividends to be received by said Beckwith and wufe; and the court directed the said commissioner to report his proceedings to this court, and the said administrator to render a further account, &c.
In April, 1854, the said E. D. Turnbull made his report as commissioner under the said decree, that he had collected the said bond of Mary J. Hawthorne and her securities, and paid the net amount thereof, $2,086.82, to Beckwith and wife, upon their executing a bond in the penalty of $4,000, conditioned to return the principal, without interest, at the death of the said Nancy E. Beck-with, wnth five securities, which bond wms returned with said report. It is inserted in the record in this case, and is conditioned for the payment of the sum of $2,086.82, without interest, “ at the death of the said Nancy E. Beckwith.”
*539 On the 20th day of September, 1854, the cause came on again to be heard, &c., when the court, among other things, confirmed the said report of Commissioner Turnbull.
No further order was made or proceeding had in the cause after the said decree of September, 1854, until about twenty years thereafter, to-wit: on the 17th day of June, 1874, when the cause came on to be heard on the papers, &c.: “ On consideration whereof, and it being suggested to the court that all the securities of the said Josiah Beckwith and Nancy E. his wife in the bonds executed by them and filed with the papers in this cause are bankrupt or insolvent, the court” decreed “that the said Josiah Beckwith and Nancy E. his wife be summoned to appear at the second day of the next term to show cause, if any they cau, why they should not be required to execute a new bond or bonds with good and undoubted securities, and with the like conditions, and in default thereof to pay the moneys secured by the said bonds, in order that the same may be invested under the decree and by the direction of this court.”
At the next term of the said court, to-wit: on the 12th day of November, 1874, the said Josiah Beckwith made the following'answer on oath to the said rule: “That he should not be required to execute the said new bond or pay the said moneys into court for the reason that it does not appear from the record or any evidence in this cause that the securities upon the original bond, executed by Nancy E. Beckwith and the said Josiah Beckwith and Nancy E. Beckwith his wife, are either bankrupt or insolvent; nor does it appear from any evidence in the cause that the said securities are not as ample and sufficient as on the day they became jointly bound with said Josiah Beckwith and Nancy E. his wfife; for which reasons he prays the court that the said rule against him be discharged.”
*540 On the same day, to-wit: on the 12th da}’ of Hovember, 1874, the cause came on to be again heard on the formerly read and the return of said rule duly executed on said Beckwith aud wife, and the answer of said Beckwith thereto, with general replication to said answer, and was argued by counsel. On consideration whereof, the court being of opinion, from the facts stated in the affidavit of E- R. Turnbull, and the statement of R. D. Turnbull, the commissioner in this loan, and also the administrator of the said Asa Avery, which said affidavit and statement are filed with the papers in this cause, that the said Josiah Beckwith and Haney E., his wife, should renew their bonds for the payment of the moneys now held by them for the life of the said Haney E., under former decrees rendered in this cause, with good and undoubted security, at the death of the said Haney E. to the said R. D. Turnbull, commissioner, &e., “ doth, on the motion this day made of H. O. Hawthorne as next friend of his infant children, Parmelia, Adeline, "William, Robert, Wilkins and Esther; and of James Hazelwood, who intermarried with Lucy Hawthorne; and of the said James W. Hawthorne, as the next friend of his infant children, Dorothy and Sarah; and of Fletcher Piercy, son of T. L. Piercy and Elizabeth, his wife, who before her marriage was Elizabeth Hawthorne; and of the said T. L. Piercy, as next friend of his infant son Asa; the said children of the said H. C. Hawthorne, James W. Hawthorne and Elizabeth Piercy, being those entitled in remainder to the said moneys on the death of the said Haney E. Beckwith under the will of the said Asa Avery, adjudge, order and decree that the said Josiah Beckwith and Haney E., his wife, do, within thirty days after being served with a copy of this decree, execute to the said R. D. Turnbull, commissioner, &c., bond with ample and .undoubted security, to be approved by him, in the penalty of $10,000, *541 with condition to pay the sum of $4,216.22, that being the sum now in their hands, at the death of the said Nancy E., wife of the said Josiah Beckwith, in which said 'she has a life interest and estate. And in default of the due execution of said bond, the said commissioner, E. D. Turnbull, in conjunction with II. L. Lee, is hereby directed and ordered to withdraw the bonds heretofore taken for the said moneys by him from the papers in this cause, and collect the same as soon as they can be collected, and deposit the proceeds of said collection in the Citizens Bauk of Petersburg, taking a certificate therefor, and make report to court, &c.; but before,” &c. (The said commissioners were required to give bond and security before receiving money under said decree.)
The affidavit and statement referred to in the said decree are as follows :
“The affiant, E. E. Turnbull, being duly sworn, says that he knows that N. S. Edmunds, who was a surety for J. Beckwith and Nancy E. Hawthorne (who intermarried with said Beckwith subsequent to the execution of the first bond), in the bonds filed in the cause of Avery's adm'r v. Hawthorne, &c., in the circuit court of Brunswick, has taken the benefit of the bankrupt law. He knows that Peter Stainback, another of the said sureties, has also taken the benefit of the bankrupt law; Thomas D. Edmunds, another of the said sureties, has also taken the benefit of the same law; John E. Edmunds, another of the said sureties, is insolvent, and he believes is a bankrupt; E. H. Edmunds, another of the said sureties, has taken the benefit of the same law; E. T. Pritchett, another of the said sureties, is dead, and his estate is insolvent; Thomas L. Lambert, another of- the said sureties, is dead, and his estate is a small one, and he believes much involved in debt; and William B. Price, the only other of the said sureties, is dead; and *542 this affiant, who is the clerk of Brunswick county, says that it appears from the records of his office that a great of judgments for large sums of money have been proved in a chancery suit in the circuit court of Brtm8Wick against the estate of the said Price, which is involved in pecuniary embarrassment.”
Sworn to before a notary public, November 12th, 1874.
“As administrator and commissioner in this case, I have no hesitation in saying to the judge of the circuit court of Brunswick that a new bond or bonds ought to be required of J. Beckwith and wife in this case. But I did not originate the motion which was made at the last term, June term, 1874, at the instance of the remaindermen.
“B. D. Turnbull.
“November 12, 1874.”
The said Josiah Beckwith and Nancy E., his wife, applied to this court for an appeal from the said two decrees of the 17th day of J une and 12th day of November, 1874, which was accordingly allowed.
If the proceeding by rule was regular in this case, and it was proper to require of the appellants a new bond with ample and undoubted security, with condition to pay the sum of $4,216.22, in which said sum the appellant, Nancy E., wife of the appellant, Josiah Beckwith, has a life interest and estate at the death of the said Nancy E., as was done by the decree of the 12th day of November, 1874, it is very clear that the penalty of the bond so required to be executed, viz : $10,000, was excessive, and a penalty of about half that amount or little over, say six thousand dollars, would have been amply sufficient. If this were the only error in the said *543 decree, perhaps it might be amended in that respect, and as so amended affirmed.
But assuming that the proceeding by rule was and proper in the case, was there a sufficient foundation for the decree which was based upon it?
The appellant Josiah Beckwith, who alone responded. to the rule, in his answer filed on the day on which the said decree was rendered, to-wit: the 12th day of November, 1874, says “ that he should" not be required to execute the said new bond, or pay the said moneys into court, for the reason that it does not appear from the record, or any evidence in this cause that the securities upon the original bond executed by Nancy E. Beckwith, and the said Josiah Beckwith and Nancy E., his wife, are either bankrupt or insolvent; nor does it appear from any evidence in the cause that the said securities are not as ample and sufficient as on the day they became jointly hound with said Josiah Beckwith and Nancy E., his wife. Eor which reasons the said Josiah Beckwith prays the court that the said rule against him be discharged.”
The bankruptcy or insolvency suggested in the rule is not admitted in the answer thereto. On the contrary, it is affirmed in the said answer that such bankruptcy or insolvency does not appear from the record or any evidence therein. It was thus clearly incumbent on the appellees, or the parties prosecuting the rule, to prove such bankruptcy or insolvency by legal evidence.
No such evidence was offered or taken; on the contrary, the “ cause came on to be again heard on the papers formerly read and the return of the summons duly executed on Josiah Beckwith and Nancy E., his wife, issued in pursuance of the decree of the June term, 1874, of this court, and the answer of the said Beckwith thereto, with general replication to the said answer, and was argued by counsel. On consideration whereof the court being of opinion from the facts stated in the affidavit of *544 E. R. Turnbull, and tlie statement of R. D. Turnbull, the commissioner in tins loan, and also the administrator of said Asa Avery, which said affidavit and statement are filed with the papers in this cause, that the said josjap JSeckwith and Raney E., his wife, should renew their bonds for the payment of the moneys now held by them for the life of the said Raney E., under former decrees rendered in this cause, with good and undoubted security, at the death' of the said Raney E., to the said R. D. Turnbull, commissioner, &c.,” proceeded to decree accordingly, on the motion of a great many persons named in the said decree, who claimed to be entitled in remainder to the said moneys on the death of the said Raney E. Beckwith, under the will of the said Asa Avery, which persons had not been before named in the proceedings in the said suit until they were so named in the said decree.
In regard to the said affidavit and statement, they were, wholly ex parte proceedings, and so far as the record shows, were unknown to .and unheard of I137 the appellants until after the said decree was pronounced; nor does it appear that until then they had any notice or information that any of the persons on whose motion the said decree was made, according to a recital contained therein, had any connection therewith. It appears from the record that the said affidavit and statement were not parts of the “papers” on which the cause was again heard, when the said decree of the 12th day of Rovember, 1874, was rendered, though they seem to have been handed to, inspected by and acted on by the court in making the said decree, while the case was under advisement. Under these circumstances the appellants had no opportunity to be present when the said affidavit and statement were made, nor to except to them as evidence, and, of course, are in no default for not having done so. They cannot, therefore, be considered in an appellate court as. *545 having waived their right of exception to the said papers as evidence against them in the court below.
There was no evidence whatever in regard to the ruptcy or insolvency of John Orgain, one of the sureties in the last and largest bond which had been given by said Beckwith and wife, even if the bankruptcy or insolvency of all the other sureties in the said bonds of the said parties was sufficiently proved—which is not admitted ; nor in regard to the bankruptcy or insolvency of the said Beckwith and wife or either of them. Whether the bankruptcy or insolvency of all the sureties in the said bonds would be a sufficient ground for requiring the execution of a new bond, with sufficient sureties, by the said Beckwith and wife if they be themselves perfectly solvent, and the payment of the money which may be due by them at her death be perfectly safe and certain on their own responsibilhy only, or without giving any new or further security, is a question which need not be now decided. Several of the said bonds, and among them the last and largest that w’as given, are payable absolutely “at the death of the said Nancy E. Beckwith,” and not in the alternative, as is the case with some of them, “ or at any time when ordered so to do by the said court.” Certainly the sureties in the former 'could not be, even if the principal obligors therein could be, required to pay them before they will become payable by the express terms and conditions thereof.
But was the proceeding, by rule, a regular and proper proceeding in this case ?
We think that it was not; and that the proceeding, if any were necessary, ought to have been by bill, in the nature of a supplemental bill.
When the said rule was entered, to-wit: on the 17th day of June, 1874, more than twenty years had elapsed since the institution of the suit, and even since the exe *546 cution of the last of the original bonds of the life-tenants f°r the payment at their deaths of the principal of the of money received by them of the executor of Asa Avery; and nearly twenty years had elapsed since the last preceding order had been made in the cause, to-wit: on the 20th day of September, 1854. After that day no proceeding whatever had been taken therein. The primary, if not the only object of the suit, would seem to have been accomplished. The complainant, It. D. Turn-bull, administrator with the will annexed of Asa Avery, deceased, had no further interest in the suit. He had, before the suit was brought, delivered to the tenants for life the bonds and slaves belonging to the estate of his testator. They were also desirous to receive the money belonging to the said estate, which the complainant had not paid to them because he thought it ought not to be paid to them unless and until they would first give bond and security for its repayment at their deaths. He therefore brought the said suit to obtain instructions from the court as to his duties under the will, and for the purpose of settling his account and closing the estate as soon as possible. Soon after the suit was brought he settled his account, and paid the money remaining in bis hands to the tenants for life, taking their bonds, with the most ample and satisfactory security, for the repayment of the principal at their deaths. All this was done under the direction and with the approbation of the court. He had no reason to suppose that anything remained to be done by him in the matter at any future period. The only thing which remained to be done thereafter in the matter, as he had the best reason to suppose, was the repayment of the principal of the money by the life-tenants or their personal representatives at their deaths to the remaindermen-; and that would bo a matter between them alone, and one about which he could not suppose there would be any difficulty.
*547 The persons claiming to he remaindermen were not parties to the suit. When it was brought it was not known who would be the remaindermen, and of they could not 'be made parties thereto. When the rule was entered, more than twenty years thereafter, it was no doubt known who would probably be remaindermen, and the proceeding by rule seems to have been at their instance, though their names do not appear in the rule, but appear for the first time in the suit in the last decree which was entered therein, to-wit: the said decree of the 12th day of November, 1874.
We are of opinion that the proceeding of the remaindermen to obtain the benefit and relief sought by them to be obtained by the said rule ought to have been by a bill, in the nature of a supplemental bill, instead of by mere rule as aforesaid. In a proceeding by bill as aforesaid all matters of contention between the parties might have been put in issue. This would seem to be peculiarly proper’—first, because of the long lapse of time since the original suit was brought; second, because the objects sought by the original bill seem to have been long since obtained ; and third, because the remaindermen, the only persons interested in the fund except the tenants for life, were not parties to the original cause.
The court is therefore, of opinion that the decrees appealed from ought to be reversed and the cause remanded to the said circuit court, with liberty to the parties claiming to be entitled as remaindermen at the death of the appellant, Nancy E. Beckwith, to the money to which she became entitled for her life under the will of the said Asa Avery, deceased, to proceed by a bill, in the nature of a'supplemental bill, to have the said money secured, if necessary, and to recover it for distribution among themselves, according to their *548 respective rights in and to the same, whenever the interest and estate therein of the said tenants for life be determined.
The ¿ecree -^g as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that if the proceeding by rule was regular in this case, and it was proper to require of the appellants a new bond with ample and undoubted security, with condition to pay the sum of $4,216.22, in which said sum the appellant, Nancy E., wife of the apjiellant, Josiah Beckwith, has a life interest and estate, at the death of the said Nancy E., as was done by the said decree of the 12th day of November, 1874, it is very clear that the penalty of the bond so required to be executed, viz: $10,000, was excessive, and a penalty of about half that amount or little over, say six thousand dollars, would have been amply sufficient. The decree is therefore on that account erroneous. Though if that were the only error in the said decree, perhaps it might be amended in that respect, and as so amended affirmed.
But the court is further of opinion, for reasons as aforesaid, that the proceeding by rule was not a regular and proper proceeding in the case; but that the proceeding, if any were necessary or proper, ought to have been by bill, in the nature of a supplemental bill. The decree is therefore on that account also erroneous.
Therefore it is decreed and ordered that the same be, for the errors aforesaid, reversed and annulled, and that the appellants recover their costs by them expended in the prosecution of this appeal against the appellee, B. D. Turnbull, administrator with the will annexed of Asa Avery, deceased, to be levied on the estate of his said testator.
*549 And it is further decreed and ordered, that the cause he remanded to the said circuit court for further proceedings to he had therein to a final decree in conformity with the foregoing opinion and decree; which is ordered to he certified to the said circuit court.
Decree reversed.